D. DAVID LAMBERT (1872), and
LESLIE W. SLAUGH (3752), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street                                          HLP File No. 33627-1
Provo, Utah 84606
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
LambertD@ProvoLawyers.com
SlaughL@ProvoLawyers.com

Attorneys for Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN THOMAS BIRD,<br><br>Debtor. | **COMPLAINT**<br><br>Bankruptcy Case Nos. 15-29783 |
| JOHN THOMAS BIRD,<br><br>Plaintiff,<br><br>vs.<br><br>GARY E. JUBBER, DOUGLAS J. PAYNE,<br>and FABIAN VANCOTT,<br><br>Defendants. | Chapter 13<br><br>Adversary Pro. No. |

Plaintiff complains of defendants and alleges:

### PARTIES AND JURISDICTION

1.    John Thomas Bird is the debtor in bankruptcy case no. 15-29783, which is pending in this district.

2.    Bird's bankruptcy case was originally filed as a case under Chapter 7.

1

3.      Gary E. Jubber was appointed as Chapter 7 trustee in the case.

4.      Jubber resides within the District of Utah.

5.      At the request of Jubber, Douglas J. Payne and the law firm of Fabian VanCott were appointed as general counsel for the trustee in the case.

6.      Douglas J. Payne resides within the District of Utah.

7.      Fabian VanCott has its principal place of business within the District of Utah.

8.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

9.      The claims alleged in this complaint arise out of actions by the trustee and his counsel related to the administration of the estate.  This case is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(A).

10.     Venue is proper under 28 U.S.C. § 1409 because the Bird bankruptcy case is pending in this district.

**GENERAL ALLEGATIONS**

11.     Bird filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on October 19, 2015.

12.     Also on October 19, 2015, Bird filed his Statement of Financial Affairs and Schedules "Bird Schedules").

13.     The Bird Schedules stated that Bird owned an interest in his primary residence located at 122 Manilla Drive, Draper, Utah.

14.     The Bird Schedules stated that the value of the Bird residence was $240,400.00.

15.     The Bird Schedules stated that the Bird residence was encumbered by tax and other claims totaling $362,843.27.

16.     The Bird Schedules claimed that the Bird residence was exempt under Utah Code § 78B-5-503(2).

17.     On December 28, 2015, the bankruptcy court entered an order appointing Fabian VanCott as general counsel for the trustee in the Bird bankruptcy case, "for the purpose of representing the trustee in carrying out his duties under the Bankruptcy Code."

18.     On December 18, 2015, Fabian VanCott attorneys, although not yet appointed as counsel for the trustee, filed Trustee's Objection to Debtor's Exemption, wherein the trustee objected to Bird's claimed homestead exemption and asserted that "there is no equity in the Property to which the Debtor's claimed homestead exemption can attach."

19.     Although there was no equity in Bird's residence based on the debts and values disclosed in Bird's schedules, Bird claimed an exemption in his residence to protect any equity that may exist if the values were greater than shown in the schedules.

20.     On January 22, 2016, Bird received a discharge in his Chapter 7 case.

21.     Bird continued making payments on the mortgages because Bird did not learn of the trustee's intent and efforts to sell his home until after January 2016.

22.     Between January 20, 2016 and March 15, 2016, Jubber and his attorneys filed documents with the bankruptcy court seeking to sell the Bird residence, and continued to assert that position thereafter.

23.     On February 19, 2016, the VanCott attorneys on behalf of Jubber filed a document entitled Stipulation Pursuant to 11 U.S.C. § 506(c) ("IRS Stipulation"), which reflected an agreement between Jubber and the Internal Revenue Service ("IRS") that the IRS would allow Jubber to recover

a $10,000 "carve out" from any sales proceeds in exchange for Jubber using bankruptcy powers to sell the Bird residence.

24.     A primary purpose of the IRS Stipulation was to provide compensation to Jubber and his attorneys in amounts significantly higher than they would have received absent the IRS Stipulation.

25.     The IRS Stipulation, in connection with the Trustee's objection to Bird's claimed exemption in his residence, would have eliminated the value of Bird's exemption in his residence.

26.     Based on the debts and values disclosed in Bird's schedules and Bird's claim of a homestead exemption, there was no realistic probability that a sale of the Bird residence would provide any meaningful distribution to general unsecured creditors in the case.

27.     In order to avoid the possible sale of his residence and to avoid the ongoing attorney fees required to oppose the Trustee's efforts to sell the residence, Bird converted his Chapter 7 bankruptcy case to a case under Chapter 13.  The Order of Conversion was entered April 25, 2016.

28.     As a result of converting to a Chapter 13 bankruptcy and in order to meet Chapter 13 confirmation requirements, it was reasonably necessary for Bird to waive the homestead exemption for his residence and Bird did so.

**COUNT I**

(Jubber Breach of Duty)

29.     Bird incorporates herein all preceding allegations of this complaint.

30.     As the Chapter 7 trustee, Jubber had a duty to exercise due care, diligence, and skill in performing his responsibilities as trustee.

31.     Jubber had a duty to act primarily for the benefit of unsecured creditors.

32.     Jubber had a duty to abandon fully encumbered assets.

33.     Jubber had a duty to not administer or liquidate assets if the proceeds of liquidation would primarily benefit Jubber or the professionals employed in the case.

34.     Jubber had a duty to protect Bird's exempt interest in his residence, and had a duty to not impair Bird's exempt interest primarily for Jubber's benefit.

35.     Jubber had a duty to not act out of self-interest – to not take actions primarily for Jubber's personal benefit or interest.

36.     Jubber had a duty to inform the court of his self-interest in proposing the sale of Bird's residence.

37.     The foregoing duties were owed to all participants in the bankruptcy proceeding who would be adversely affected by any breach of the duties, including Bird.

38.     The foregoing duties are fiduciary duties.

39.     Jubber consciously breached his duties by attempting to sell Bird's residence where the primary benefit of the sale would be to Jubber, the professionals in the case, and the IRS (a secured creditor).

40.     Jubber consciously breached his duties by not informing the court that Jubber's efforts to sell the Bird residence were motivated by Jubber's self-interest.

41.     Jubber negligently or consciously failed to exercise the degree of care, diligence, and skill required of him.

42.     Bird was damaged by Jubber's breaches of duty.

43.     Bird's damages include the following:

a. Additional attorney fees paid to his bankruptcy attorney to resist the trustee's efforts to sell his residence.

b. Chapter 13 payments that would not have been required under Chapter 7.

c. The cost of attempting to refinance his residence to meet the Chapter 13 confirmation requirements.

44. The damages suffered by Bird were a foreseeable consequence of Jubber's breaches of duty.

45. Bird is entitled to judgment against Jubber for all damages to Bird caused by Jubber's breaches.

## COUNT II

### (Fabian VanCott Breach of Fiduciary Duty)

46. Bird incorporates herein all preceding allegations of this complaint.

47. Fabian VanCott owed fiduciary duties towards Bird that are co-extensive with the duties owed by Jubber.

48. Fabian VanCott had a duty to exercise due care, diligence, and skill in representing Jubber and the estate.

49. The foregoing duties were owed to all participants in the bankruptcy proceeding who would be adversely affected by any breach of the duties, including Bird.

50. Fabian VanCott negligently or intentionally failed to exercise the degree of care, diligence, and skill required of it.

51.     Fabian VanCott consciously breached its duties to Bird by attempting to sell Bird's residence where the primary benefit of the sale would be to Jubber, the professionals in the case, and the IRS (a secured creditor).

52.     Bird was damaged by Fabian VanCott's breaches of duty.

53.     Bird's damages include the following:

a.     Additional attorney fees paid to his bankruptcy attorney to resist the trustee's efforts to sell his residence.

b.     Chapter 13 payments that would not have been required under Chapter 7.

c.     The cost of attempting to refinance his residence to meet the Chapter 13 confirmation requirements.

54.     The damages suffered by Bird were a foreseeable consequence of Fabian VanCott's breaches of duty.

55.     Bird is entitled to judgment against Fabian VanCott for all damages to Bird caused by Fabian VanCott's breaches.

## COUNT III

(Fabian VanCott Negligence)

56.     Bird incorporates herein all preceding allegations of this complaint.

57.     Fabian VanCott owed duties towards Bird that are co-extensive with the duties owed by Jubber.

58.     Fabian VanCott had a duty to exercise due care, diligence, and skill in representing Jubber and the estate.

59. Fabian VanCott negligently failed to exercise the degree of care, diligence, and skill required of it.

60. Fabian VanCott breached its duties to Bird by, among other things, negligently or consciously failing to advise Jubber of the impropriety of his proposed course of action.

61. Bird was damaged by Fabian VanCott's negligence.

62. Bird's damages include the following:

a. Additional attorney fees paid to his bankruptcy attorney to resist the trustee's efforts to sell his residence.

b. Chapter 13 payments that would not have been required under Chapter 7.

c. The cost of attempting to refinance his residence to meet the Chapter 13 confirmation requirements.

63. The damages suffered by Bird were a foreseeable consequence of Fabian VanCott's negligence.

64. Bird is entitled to judgment against Fabian VanCott for all damages to Bird caused by its negligence.

**COUNT IV**

(Civil Conspiracy)

65. Bird incorporates herein all preceding allegations of this complaint.

66. Jubber and Fabian VanCott conspired together and formed a plan to arrange the carve-out stipulations with the IRS and to sell Bird's residence with the goal of increasing the compensation to paid to Jubber and Fabian VanCott.

67. Jubber and Fabian VanCott each acted to implement their plan.

68.    Jubber and Fabian VanCott are each liable for all damages caused to Bird, including the following:

a.    Additional attorney fees paid to his bankruptcy attorney to resist the trustee's efforts to sell his residence.

b.    Chapter 13 payments that would not have been required under Chapter 7.

c.    The cost of attempting to refinance his residence to meet the Chapter 13 confirmation requirements.

69.    The actions of Jubber and Fabian VanCott were undertaken with the knowledge that it would cause damage to Bird.

70.    Jubber and Fabian VanCott had fiduciary duties to act in the best interest of debtors and all parties in interest.

71.    The actions of Jubber and Fabian VanCott manifested a reckless indifference toward and a disregard of the rights of Bird.

72.    The damages suffered by Bird were a foreseeable consequence of the actions of Jubber and Fabian VanCott.

73.    Bird is entitled to judgment against Jubber and Fabian VanCott, jointly and severally, for all damages as alleged above.

74.    Bird is entitled to punitive damages in an amount that will punish Jubber and Fabian VanCott and serve as a deterrent to others.

WHEREFORE, Bird prays for judgment against defendants and each of them as follows:

1.    For damages in an amount to be established upon proof.

2.    For punitive damages.

3.      For costs of this action.

4.      For such other and further relief as is appropriate.

DATED December 18, 2019.

/s/ *Leslie Slaugh*
D. DAVID LAMBERT, and
LESLIE W. SLAUGH, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Bird